UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMANE SMITH, <br><br> Plaintiff, <br><br> -against- <br><br> SANYO CORPORTION, <br><br> Defendant. | 19-CV-10516 <br><br> ORDER |

COLLEEN McMAHON, Chief United States District Judge:

On December 2, 2016, Plaintiff was barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Smith v. Chase Bank*, ECF 1:11-CV-2270, 8 (S.D.N.Y. Dec. 2, 2016). Plaintiff filed this action, sought IFP status, but did not seek leave from the Court. On January 17, 2020, the Court dismissed this action without prejudice for Plaintiff's failure to comply with the December 2, 2016 order. (ECF Nos. 3, 4.)

On February 20, 2020, Plaintiff filed a motion seeking relief under Fed. R. Civ. P. 60(b) from the order of dismissal and judgment, and requesting under 28 U.S.C. § 455 the Court's recusal from this matter. (ECF No. 5.) After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.   Motion to Recuse**

Plaintiff asserts that she seeks the "recusal of all judges associated with [her] cases and sanctions."[1] (ECF No. 5, 4.) A judge is required to disqualify herself from "any proceeding in

---

[1] Plaintiff also seeks this Court's and Judge Loretta Preska's recusal in *Smith v. Fullbeauty Brands*, ECF 18-CV-11640, 5 (S.D.N.Y. May 6, 2019) (dismissing Plaintiff's action without prejudice for failure to comply with December 6, 2016 bar order), and the aforementioned *Smith v. Chase Bank*, ECF 1:11-CV-2270, 8 (barring Plaintiff from filing new cases IFP without first obtaining the Court's permission).

which [her] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy*, 25 F.3d 1138, 1141 (2d Cir. 1994). A judge's prior rulings against a litigant, standing alone, are insufficient to require a judge's disqualification from a proceeding involving the same litigant. *See Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002).

Plaintiff seeks this Court's and Judge Preska's recusal from her cases based solely on judicial rulings with which she does not agree – the December 2, 2016 order barring her from filing new actions IFP without first obtaining permission, and orders dismissing her complaints for failing to comply with the bar order. As Plaintiff alleges no facts to suggest a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky v. United States*, 510 U.S. 540, 555 (1994), a reasonable and objective observer would perceive only her dissatisfaction with the dismissal of her cases, *see United States v. Arena*, 180 F.3d 380, 398 (2d Cir. 1999). Because Plaintiff does not allege a sufficient basis for recusal in any of her cases, the Court denies the motion for recusal.

**B.**     **Motion for Reconsideration**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff seeks reconsideration by challenging the validity of the December 2, 2016 bar order and other judicial rulings. She asserts that the Court committed fraud and imposed sanctions upon her without due process – mainly imposing the bar order without first issuing an order to show cause. Plaintiff seeks the reopening of all of her prior cases.

Plaintiff does not allege any facts to substantiate her claims of fraud or that her rights were violated. Her statement that she did not have an opportunity to show cause why she should not be barred before the imposition of the bar order is untrue. On April 25, 2011, Judge Preska dismissed Plaintiff's complaint in *Smith v. Chase Bank*, No. 11-CV-2270 (LAP), for lack of subject matter jurisdiction, noted Plaintiff's extensive litigation history in federal courts around the country, and directed her to show cause why she should not be barred from filing any future complaints IFP without first obtaining the Court's permission. *See* ECF 1:11-CV-2270, 7. After Plaintiff failed to respond to the order to show cause, the Court issued the bar order. *See* ECF 1:11-CV-2270, 8. Contrary to Plaintiff's assertions, neither this Court nor Judge Preska imposed sanctions on Plaintiff without due process or committed any other unlawful acts.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's motion for reconsideration and for recusal (ECF No. 5) is denied. All other pending matters are terminated.

3

The Clerk of Court is further directed to accept no further submissions under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 23, 2020
             New York, New York

                                                      COLLEEN McMAHON
                                          Chief United States District Judge